AO 472 (Rev. 3/86) Order of Detention Pending Trial

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

CASE NO: 07-20625-17

v

DAMON WENDELL McCOWIN
_____/

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the Defendant pending trial in this case.

**Part I—Findings of Fact**

Does not apply.

**Alternative Findings (A)**

(1) There is probable cause to believe that the Defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act/ /Controlled Substances Import & Export Act; Section 1 of Act of Sept. 15, 1980.

(2) The Defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of the community.

**Alternative Findings (B)**

(1) There is a serious risk that the Defendant will not appear.

(2) There is a serious risk that the Defendant will endanger the safety of another person or the community.

**Part II—Written Statement of Reasons for Detention**

The Government moves for detention pursuant to 18 U.S.C. § 3142 and argues initially that the presumption in favor of detention applies. At the threshold, I find that the Government is correct that presumption does in fact apply because Defendant faces more than 10 years' potential custody for violations of the Controlled Substances Act. I therefore must consider whether there is sufficient evidence to rebut the presumption in light of the factors set forth in subsection 3142(g).

As to the factors set forth in subsections (g)(1) and (g)(2), I find that the offense charged involves narcotic drugs, specifically ecstacy. As to subsection (g)(2), because the grand jury has returned an indictment, there is at least probable cause supporting the charges made against Defendant. Thus, there is a definite weight of evidence supporting the charges. As to subsection 3142(g)(3), I find that Defendant is currently 31 years of age and is single. During his interview with Pretrial Services, Defendant stated that he had no children. However, a Department of Corrections Presentence Investigation Report indicates that Defendant has claimed paternity of one child. Defendant reported to Pretrial Services that he had been living with his girlfriend or fiancée since June 2008 at an address in Auburn Hills, Michigan. However, both the Department of Corrections Presentence Investigation Report and defense counsel state that Defendant has been residing with his fiancée for a considerable period of time. Pretrial Services also reports that Defendant is self-employed as a barber. He was previously laid off in February 2007 from work at a technical company. He was also previously employed at another technical concern in Southfield, Michigan, between 2005 and 2006. Defendant also worked for Ford Motor Company for approximately 2 years. Defendant admitted to Pretrial Services that he had abused marijuana since age 15 and had tried ecstasy. However, the Michigan Department of Corrections report states that he had at

various times abused alcohol, marijuana, ecstasy and mescaline. Urinalysis testing taken by Pretrial Services at the time of Defendant's interview was negative.

In 1991, as a juvenile, Defendant was convicted of felony armed robbery. In 2001, Defendant pled guilty to a traffic offense. In May 2002, Defendant was charged with multiple offenses and was ultimately found guilty of the felony controlled substances offense of delivery and manufacture of marijuana. Defendant was placed on two years' probation. However, the probation was dismissed shortly thereafter with a notation that there had been no improvement. This notation usually indicates a Probation Officer's view that Defendant has violated some terms of the probation. In February 2005, Defendant was again charged with multiple offenses and pled guilty to the felony controlled substance offense of delivery and manufacture of methamphetamine/ecstasy. Defendant was placed on two years' probation and was discharged from probation in March 2007.

As noted by defense counsel, the charges in this superseding indictment cover a two year period. While defense counsel is correct that the indictment does not specifically indicate the exact nature of Defendant's involvement, he nonetheless is charged as part of a conspiracy that existed during this period, which substantially corresponds to the period Defendant was on probation. The Court therefore finds that Defendant was on probation at the time the conduct charged in this indictment took place.

Defendant's criminal history includes repeated controlled substances convictions. At least seven circuits and a number of district courts have held that continued drug dealing constitutes a danger to the community. *See, e.g., United States v. Milan*, 4 F.3d 1038, 1047 (2nd Cir. 1993); *United States v. Strong*, 775 F.2d 504, 507 (3rd Cir. 1985); *United States v. Williams (Melvin)*, 753 F.2d 329, 335 (4th Cir. 1985); *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989); *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986); *United States v. De Leon*, 766 F.2d 77, 81

(2nd Cir. 1985); *United States v. Webb*, No. 00-6368, 2000 WL 1721060, *1 (6th Cir. Nov. 6, 2000); *United States v. Kay*, No. 96-20058, 1996 WL 167512, *2 (5th Cir. Mar. 15, 1996); *United States v. Arroyo-Reyes*, No. 94-1535, 1994 WL 440654, *3 (1st Cir. Aug. 15, 1994); *United States v. Kelley*, No. 08-40011-01-RDR, 2008 WL 821951, *2-3 (D. Kan. Mar. 26, 2008); *United States v. Hamlin*, No. 07-20274-03, 2007 WL 2225868, *2 (E.D. Mich. Aug. 1, 2007); *United States v. Caniglia*, No. 02-188-01, 2002 WL 32351181, *5 (E.D. Pa. Apr. 9, 2002).

Accordingly, in light of Defendant's prior criminal history, the fact that he is alleged to have committed the acts charged here while on probation, and that was less than candid in his responses to inquiries made by Pretrial Services, I find that the presumption in favor of detention has not been rebutted on the evidence presented. I note further that Defendant was apprehended at least four months after the grand jury passed this indictment, and while the Government does not specifically argue that Defendant is a fugitive, in light of the fact that there are 18 other defendants charged in this conspiracy, I find it somewhat disingenuous for Defendant to argue that he had absolutely no knowledge of these charges prior to the time he was pulled over for a traffic stop. Whether or not Defendant is considered a fugitive, I conclude for the reasons that summarized above that, even if the presumption had been rebutted, I am unable to craft any condition or combination of conditions that would reasonably assure the safety of the community or Defendant's appearance as required for court hearings. Accordingly, the Government's motion to detain is granted.

**Part III—Directions Regarding Detention**

The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant

shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

|  |  |
|---|---|
|  | s/ Charles E Binder |
|  | CHARLES E. BINDER |
| Dated: January 13, 2009 | United States Magistrate Judge |

## CERTIFICATION

     I hereby certify that this Order was electronically filed this date, electronically served on Shane Waller and Amy Gierhart, and served on Pretrial Services and the U.S. Marshal's Service in the traditional manner.

| | |
|---|---|
| Date: January 13, 2009 | By   s/Jean L. Broucek |
| | Case Manager to Magistrate Judge Binder |